UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>vs.<br><br><br>ORLANDO WASHINGTON,<br>    Defendant | )<br>)<br>)   Cause No.     4:21CR241 RLW/DDN<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION TO RECONSIDER PRETRIAL DETENTION OF DEFENDANT

Comes now the defendant, by and through his attorney, Terence Niehoff #36151MO, and requests this Honorable Court reconsider its order detaining the defendant and grant him a bond in this matter, and in support thereof states:

1. Defendant is charged by Indictment with one count of violating 18 U.S.C. § 922(g)(1), the offense allegedly occurring on December 12, 2020. There is no presumption of detention with this charge. The maximum statutory sentence is 10 years (the defendant is not an armed career offender), and a cursory guideline calculation indicates that the defendant if convicted of this offense is facing significantly less than 10 years.

2. The government filed a motion for the defendant's pretrial detention on April 7, 2021.

3. The defendant was arrested on May 19, 2021 – five months after the alleged offense.

4. After a detention hearing, this Court accepted the government's allegations and ordered the defendant detained. In support of its ruling, the Court

recited the government's allegations that that the defendant, after being shot at, "returned fire and that multiple people were shot;" "that Mr. Washington was also shot and left the scene to go to the hospital;" and, "[w]hen he arrived a pistol fell from his pants as he was removed from the car."

5. Video review of the shooting incident shows multiple people firing weapons during the December 12, 2020, incident but <u>shows the defendant unarmed during the shooting</u>.

6. After the unarmed defendant was shot, he was loaded by others (who had been involved in the shooting) into the backseat of an automobile that did not belong to the defendant and driven to the hospital.

7. The pistol, a Glock 22 9 mm, that the government alleges "fell from his pants" was underneath the wounded defendant when he was placed in the back seat. It apparently fell out from the car as he was being physically hoisted from the car (the defendant was so injured he could not get out of the car on his own power). The Glock was one of many weapons that were haphazardly tossed in the car by the persons who helped load the defendant into the car and rush him to the hospital in an attempt to save his life.

8. The defendant submits that the government mischaracterized the evidence and the strength of their case against the defendant during the detention hearing and in advising pretrial services.

9. The defendant has notably not been charged for shooting any of the "multiple victims" by state authorities who have reviewed the same evidence.

10. Moreover, the defendant was on parole during the December 12, 2020,

incident and the defendant's parole officer after reviewing the circumstances did not seek to have the defendant's parole revoked or issue any violation. The defendant's parole expired on June 10, 2021. He does not presently have a hold from the Missouri Department of Corrections.

11. The defendant does have a pending felony with charges of unlawful use of a weapon (felon possessing a firearm) and obstruction of justice in St. Clair County, Illinois. Undersigned counsel has been in discussions with the state's attorney and has a strong belief that the defendant will be released on bond after he is booked in Illinois.

12. These Illinois charges stem from an incident that occurred October 18, 2020, at the Oz Nightclub in Sauget, Illinois. The defendant is alleged to have taken a firearm, a .40 handgun, from a person named Granville Carter and put it in the security office of the nightclub for safekeeping. (See attached exhibit). The Court may want to note the filing date of the Criminal Information from Illinois and consider how it just happens to coincide with the arrest of the defendant days later by U.S. Marshals.

13. At the detention hearing the government also presented the Court with allegations that when the U.S. Marshal arrested the defendant, he was in a home that he shared with others, and that firearms belonging to these others were found in that home (and in a purse). Defendant submits the proper characterization of this is that it demonstrates that the defendant, even when in the presence of others who possess firearms, did not himself possess any firearms himself.

14. The defendant if released can reside in a home that is firearm free, and is willing to allow this Court or its agents free access to search for weapons in that residence at any time.

15. The defendant will agree to any conditions of release including electronic monitoring with house detention.

16. The defendant is not a flight risk. He is a long-time (over 15 years) resident of the St. Louis area, has strong family ties to the area, does not have a passport, and has retained local, private counsel in this matter who will assist him in appearing for all required court appearances.

17. Defendant has had two terms of court supervision and both were successful. In the first, in cause 1222-CR00705, the defendant received an SIS with two years of probation and completed it without incident. In the second, 1822-CR01840, the defendant successfully completed his term of parole. This demonstrates that the defendant is amenable to supervision.

18. Defendant submits that federal pretrial supervision and electronic monitoring will ensure both his appearance in court and the safety of the community.

WHEREFORE all the foregoing reasons, defendant requests him motion be granted.

Respectfully submitted,

/s/ Terence Niehoff
Terence Niehoff #36151MO
Niehoff & Hufty, LLC.
818 Lafayette Ave.
St. Louis, MO 63104

Certificate of Service

I do hereby certify that a copy of the foregoing was served on all parties this 14th day of July, 2021, via the ECF filing system.

/s/ Terence Niehoff