UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No.  4:21-CR-00241-RLW DDN |
| v. | ) |
| ORLANDO WASHINGTON, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO RECONSIDER BOND DETERMINATION AND FOR RELEASE**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jennifer Szczucinski, Assistant United States Attorney for said District, and respectfully requests this Court deny the Defendant's Motion to Reconsider Pretrial Detention of Defendant.  In support, the United States of America states as follows:

1. In determining whether there are conditions of release that will reasonably assure that appearance of a defendant and the safety of the community, the Bail Reform Act requires the Court to consider four factors: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristic of the person; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

2. United States Code Title 18, Section 3142(f)(2) permits the Court to reopen a detention hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the

safety of any other person and the community." To be material the "new information must be of a nature that would increase the likelihood that the defendant will appear at trial *and* would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 Fed.Appx. 598, 600 (6th Cir. 2012) (emphasis added).

3. On June 1, 2021, the Court entered an order to detain the Defendant pending trial. [Doc. 17]. The Court's Order stated that "[t]he weight of the evidence against the Defendant as well as his past criminal conduct, lead the Court to conclude that [the Defendant] cannot be released on any conditions without creating a serious risk of danger to others in the community." *Id*. The Court also found that there was a serious risk the Defendant would not appear.

4. The Defendant contends that the government mischaracterized the evidence and the strength of their case against the Defendant at the detention hearing, specifically regarding the circumstances surrounding the charged offense. The United States strongly contests this allegation. The United States' Motion for Detention laid out the facts of the case as the United States believes them to be. At the detention hearing, the United States proffered those same facts. According to hospital security personnel, a firearm fell out of the Defendant's pants when he was removed from a vehicle. Laboratory analysis determined that the firearm that fell out of the Defendant's pants matched ballistic shell casings found in the vehicle and at the scene of the shooting. At the detention hearing, the Defendant argued that he did not possess or fire a firearm.

5. The proffered information by the United States supports a conclusion that the Defendant fired shots from the recovered firearm. While surveillance video captures portions of the shooting incident, it does not capture the totality of the incident. In fact, surveillance audio makes clear that shots are fired by someone outside of the video camera range, after the initial volley of gunfire.

6. The fact that the Defendant disagrees with the United States' proffered statements

regarding the circumstances surrounding the charged offenses does not provide any facts not known to the Defendant at the time of the hearing, nor is it material to whether there are conditions of release that will reasonably assure the safety of any other person and the community and the appearance of the Defendant.

WHEREFORE, the United States requests this Court to deny the Defendant's Motion to Reconsider Pretrial Detention of Defendant.

>Respectfully submitted,
>
>SAYLER A. FLEMING
>United States Attorney
>
>*/s/ Jennifer Szczucinski*
>JENNIFER SZCZUCINSKI, #56906MO
>Assistant United States Attorney
>111 S. 10th Street, Room 20.388
>St. Louis, Missouri  63102
>(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system all counsel of record.

> */s/ Jennifer L. Szczucinski*
> JENNIFER L. SZCZUCINSKI, #56906MO
> ASSISTANT UNITED STATES ATTORNEY